UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE


Samuel Hooker

   v.                                              Civil No. 12-cv-346-JNL

United States of America, and
United States Marshals Service


### REPORT AND RECOMMENDATION

This action arises from Samuel Hooker's allegation that officers of the United States Marshals Service ("USMS") improperly transported him in a non-handicapped van, resulting in the exacerbation of Hooker's preexisting disability. Hooker brings this matter pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. § 12132 ("ADA"). Before the court is defendants' motion to dismiss (doc. no. 18).

### Motion to Dismiss Standard

In considering a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that the complaint fails to state a claim upon which relief can be granted, the court "accept[s] as true all well-pled facts in the complaint and draw[s] all reasonable inferences in favor of plaintiffs." Plumbers' Union Local No. 12 Pension Fund v.

Nomura Asset Acceptance Corp., 632 F.3d 762, 771 (1st Cir. 2011) (quoting SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010)). To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247 (1st Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

## Background

Plaintiff, Samuel Hooker, is a wheelchair-bound inmate in federal custody. Hooker asserts that on three occasions in August and September 2012, unnamed officers of the USMS transported him to court in a van that lacked wheelchair accommodations. Hooker claims that on those occasions, he was placed on the floor of the transport van, without a seatbelt, with only his wheelchair, placed next to him, to hold. Hooker claims that these transports exacerbated his physical disability and resulted in a bedsore. The defendants move to dismiss (doc. no. 18), arguing that the plaintiff fails to state a claim upon which relief may be granted under either 42 U.S.C. § 1983 or the ADA.

**Discussion**

I.  <u>42 U.S.C. § 1983</u>

Section 1983 creates a civil cause of action against an individual who, acting under the auspices of state law, deprives the plaintiff of a right accruing to the plaintiff under federal law.  <u>See</u> 42 U.S.C. § 1983; <u>Filarsky v. Delia</u>, 132 S. Ct. 1657, 1661 (2012).  Because the USMS is a federal agency, a suit against the USMS cannot be based on 42 U.S.C. § 1983.  <u>Cf.</u> <u>Acosta v. U.S. Marshals Serv.</u>, 445 F.3d 509, 512 (1st Cir. 2006) (federal defendant in civil rights action subject to suit under <u>Bivens</u> and not under § 1983 (citing <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, 403 U.S. 388 (1971)).  Accordingly, the motion to dismiss should be granted, to the extent that Hooker has asserted a § 1983 claim.

II.  <u>Deliberate Indifference</u>

Defendants' motion to dismiss Hooker's claims asserted under § 1983 should be granted for the additional reason that Hooker has failed to allege facts showing deliberate indifference.  Hooker asserts that the defendants violated his right, while incarcerated, not to be subjected to a significant risk of serious harm to his health and safety.  This right accrued, if Hooker was a pretrial detainee at the time of the

challenged transport, under the Fifth Amendment Due Process Clause, and if he was serving a sentence, under the Eighth Amendment prohibition against cruel and unusual punishment. To establish such a claim, an inmate must show that he was incarcerated "under conditions posing a substantial risk of serious harm," and that prison officials either intended to punish him through such exposure or were deliberately indifferent to that risk. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate deliberate indifference, a plaintiff must show that a prison official, who failed to take reasonable measures to abate the a substantial risk of serious harm, was either subjectively aware of that risk, or was aware of facts giving rise to a reasonable inference that there was a substantial risk of serious harm and in fact drew that inference. See id. at 837.

Construing Hooker's pro se complaint liberally, as the court must, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), Hooker has not alleged sufficient facts to demonstrate that any individual defendant was actually aware of and disregarded the risk that Hooker's disability would be exacerbated and bedsores would result if he were transported without a seatbelt in a van without wheelchair accommodations.

4

For this additional reason, Hooker's § 1983 claim should be dismissed.

III. ADA

Hooker further asserts a claim under Title II of the ADA, which provides a right of action for an individual where a "'public entity' [has discriminated] against a 'qualified individual with a disability' on account of that individual's disability." Penn. Dep't of Corrs. v. Yeskey, 524 U.S. 206, 208 (1998) (quoting 42 U.S.C. § 12132).  Defendants object on the basis that the ADA is not applicable to the federal government because the statute's definition of "public entity" includes neither the federal government nor its departments. See 42 U.S.C. § 12131.  Defendants are correct. See Manuel v. City of Bangor, No. 09-CV-339-B-W, 2009 WL 3672917, *4 (D. Me. Oct. 30, 2009) ("Title II of the ADA is not applicable to the federal government."), report and recommendation approved, 691 F. Supp. 2d 212 (D. Me. 2010).  Because the USMS is a federal agency, and thus does not fall within the purview of the ADA, defendants' motion to dismiss Hooker's ADA claims should be granted.

## Conclusion

For the foregoing reasons, the court recommends that the defendants' motion to dismiss be granted to the extent that the

5

court should dismiss the § 1983 and ADA claims. The court further recommends that the court provide Hooker with thirty days in which to file a motion to amend the complaint to state a plausible Bivens claim based on allegations regarding unsafe transport by employees of the USMS. If no such motion is filed within thirty days, the entire action should be dismissed with prejudice.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

                                      _____
                                      Landya McCafferty
                                      United States Magistrate Judge
                                      Sitting by designation

June 27, 2013
cc: Samuel Hooker, pro se

LBM:jba