**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

<u>Samuel Hooker</u>

   v.                                                      Civil No. 12-cv-346-JNL

<u>United States of America, and</u>
<u>United States Marshals Service</u>

**O R D E R**

    Pending before the court are plaintiff Samuel Hooker's February 8, 2013, motion to amend the complaint (doc. no. 27), the defendant's December 10, 2012, motion to dismiss (doc. no. 18), plaintiff's second amended complaint (doc. no. 33), and defendant's motion to dismiss the second amended complaint (doc. no. 34). The first two of those motions are addressed in two report and recommendations ("R&Rs") that await a ruling by this court. <u>See</u> R&Rs (doc. nos. 30 and 31).

    For reasons set forth below, the second amended complaint is construed to include a motion requesting leave to file the second amended complaint, and that motion (doc. no. 33) is granted. The court denies both the motion to dismiss (doc. no. 18) and the February 8, 2013, motion to amend (doc. no. 27), as the court's acceptance of the second amended complaint has mooted both motions. The court refers the motion to dismiss the second

amended complaint (doc. no. 34) to the magistrate judge for a report and recommendation, pursuant to 28 U.S.C. § 636(a), and defendants are not required to file any further response to the second amended complaint until ordered to do so by this court. The pending R&Rs (doc. nos. 30 and 31) are referred back to the magistrate judge for further consideration in light of this order.

### Discussion

**I. Second Amended Complaint (Doc. No. 33)**

The court construes Hooker's pro se filing of a second amended complaint as intending to include a request to amend the complaint along with the amended complaint.

> [A]s a general rule, we are solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, we hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.

Dutil v. Murphy, 550 F.3d 154, 158 (1st Cir. 2008); see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

Rule 15(a)(2) provides that a party who is not able to amend his complaint as of right may amend with the court's leave, and that the court "should freely give leave when justice so

requires." See generally Torres-Álamo v. Puerto Rico, 502 F.3d 20, 25 (1st Cir. 2007) (motion to amend entered before formal entry of judgment should be evaluated under "liberal standard" of Rule 15(a) absent "undue delay, bad faith, futility and the absence of due diligence on the movant's part" (citations and internal quotation marks omitted)).

This case has not yet proceeded past the pleading phase. No discovery has taken place, and the court can find nothing in the record to indicate that the government would be prejudiced by allowing Hooker to file a second amended complaint. The court further finds that justice requires allowing Hooker, a pro se incarcerated plaintiff who appears to be diligently pursuing his rights, to amend his complaint to try to state a viable cause of action. Accordingly, the motion to amend is granted, and the second amended complaint (doc. no. 33) is accepted as the operative complaint, replacing Hooker's previously filed complaints. See Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008); Kolling v. Am. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003).

As Hooker is a prisoner suing a governmental entity, the second amended complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A(a). Accordingly, the court refers the second amended complaint (doc. no. 33) to the magistrate

3

judge to conduct a preliminary review, and to determine whether the second amended complaint states any claim upon which relief might be granted before defendants will be obligated to respond to the claims. In the interest of efficiency, the government's motion to dismiss the second amended complaint (doc. no. 34), after it becomes ripe for a ruling, is referred to the magistrate judge for a report and recommendation as to disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and LR 72.1.

## II.  **Motions as to Superseded Complaints (Doc. Nos. 18 and 27)**

The defendant's first motion to dismiss (doc. no. 18) sought dismissal of legal claims in Hooker's original and first amended complaints that have been abandoned in the second amended complaint. See Kolling, 347 F.3d at 16 (omission in amended complaint of claim asserted in original complaint constitutes abandonment of claim). Accordingly, the motion is denied as moot.

Hooker's February 8, 2013, motion to amend (doc. no. 27) seeks permission to file an amended complaint at some point in the future on an unspecified basis. That motion to amend is denied, as it has been mooted by the filing and acceptance of the second amended complaint.

## Conclusion

For the foregoing reasons, the court orders as follows:

1. The second amended complaint (doc. no. 33) is construed to include a motion to amend. That motion to amend is GRANTED and the second amended complaint is accepted.

2. The second amended complaint is referred to the magistrate judge to conduct a preliminary review pursuant to 28 U.S.C. § 1915A(a).

3. The December 10, 2012, motion to dismiss (doc. no. 18) is DENIED as moot.

4. The February 8, 2013, motion to amend (doc. no. 27) is DENIED as moot.

5. The defendant's motion to dismiss the second amended complaint (doc. no. 34), when it is ripe for a ruling, is referred to the magistrate judge for a report and recommendation as to disposition, pursuant to 28 U.S.C. § 636(b)(1)(B) and LR 72.1.

6. The defendant need not file an answer or other response to the second amended complaint until directed to do so by the court.

7. The pending R&Rs (doc. nos. 30 and 31) are referred back to the magistrate judge for further consideration in light of this order.

**SO ORDERED.**

/s/ Joe Laplante
Joseph N. Laplante
United States District Judge
Sitting by designation

Dated: September 9, 2013

cc: Samuel Hooker, pro se
John G. Osborn, Esq.