UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

Samuel Hooker

    v.                                          Civil No. 12-cv-346-JL

United States Marshals Service

**REPORT AND RECOMMENDATION**

Before the court are: (1) Samuel Hooker's second amended complaint (doc. no. 33), which is here for preliminary review pursuant to 28 U.S.C. § 1915A(a); and (2) defendants' motion to dismiss (doc. no. 34) the second amended complaint. Both matters have been referred to this magistrate judge for a report and recommendation ("R&R"). See Doc. No. 35 (order referring second amended complaint and motion to dismiss to the magistrate judge).[1]

**Background**

Hooker is disabled and confined to a wheelchair. In his complaint, Hooker alleges that on August 2, August 21, and

---

[1] In its order (doc. no. 35), the court also referred back to this magistrate judge two report and recommendations ("R&Rs") (doc. nos. 30 and 31) pertaining to a previous complaint. Because the complaint relevant to those R&Rs has now been dismissed, the R&Rs have been withdrawn in an order issued this date.

September 25, 2012, and January 28, 2013, the United States Marshals Service ("USMS") transported him from the Cumberland County Jail ("CCJ") in Portland, Maine, to the United States District Court for the District of Maine ("Courthouse"), also located in Portland, Maine. Hooker asserts that on each of these occasions, the marshals did not transport him in a wheelchair-accessible van, despite Hooker's request for such a van. Hooker alleges that the USMS continued to transport Hooker in this unsafe manner, even after Hooker advised the individual transporting marshals that he had been injured during the first transport due to being placed, unrestrained, on the van floor.

**Claims**

In this action, Hooker, seeking damages, brings the following claims for relief:

1. The United States is liable to the plaintiff under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 ("FTCA"), for the negligence of the marshals who transported plaintiff on the floor of a van that was not wheelchair accessible on August 2, August 21, and September 25, 2012, and January 28, 2013, causing Hooker physical and emotional injury, and for the negligence of their superiors.

2. The individual marshals who transported Hooker on the floor of a van, and their superiors, are liable to plaintiff under Bivens v. Six Unknown Named Agents of Fed. Narcotics Bureau, 403 U.S. 388 (1971), for violating Hooker's Eighth Amendment right not to be subjected to a

significant risk of serious harm, by marshals acting with deliberate indifference to Hooker's health and safety.

3. The USMS is liable to plaintiff under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, for transporting Hooker in a van that was not wheelchair accessible, thus denying him a reasonable accommodation for his disability.

**Discussion**

I. Standard

The court applies the same standard in conducting preliminary review pursuant to 28 U.S.C. § 1915A(a) as it does in considering a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] In determining whether a pro se complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review or a motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010). To determine plausibility, the court treats as true all well-pleaded factual

---
[2]Defendants do not specifically invoke Rule 12(b)(6) in their motion to dismiss. Nevertheless, the court applies that standard in this matter.

allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## II. Preliminary Review

### A. Federal Tort Claims Act (Claim 1)

Hooker attempts to assert a claim under the FTCA. To invoke the subject matter jurisdiction of this court, however, plaintiff must demonstrate that he has exhausted the administrative presentment requirements for filing his claim in the district court. See 28 U.S.C. § 2675; see also Skwira v. United States, 344 F.3d 64, 71 (1st Cir. 2003); Riley v. Colantuno, No. 12-cv-175-MML, 2012 WL 2195024, *7 (D.N.H. June 13, 2012). Hooker's pleadings do not demonstrate such exhaustion, and thus do not at this time establish this court's jurisdiction over the claim. The claim should therefore be dismissed without prejudice.

### B. Bivens (Claim 2)

Hooker asserts a Bivens claim, alleging that the individual marshals who transported him on the floor of a van in an unsafe manner were deliberately indifferent to his health and safety, in violation of the Eighth Amendment. The court finds that Hooker has stated sufficient facts to assert a Bivens claim

against the individual transporting marshals, and in an order issued simultaneously with this report and recommendation ("Simultaneous Order"), the court authorizes service against those individuals. Hooker has failed, however, to identify those individuals by name. Accordingly, in the Simultaneous Order, the court directs Hooker to file summonses containing the names of the individual defendants to this action. Hooker has not stated, however, any basis upon which to ground a claim against the superiors of the individual transporting marshals. Accordingly, to the extent Hooker asserts a claim for supervisory liability, the claim should be dismissed.

    C.    <u>Rehabilitation Act</u> (Claim 3)

Hooker asserts a claim under § 504 of the Rehabilitation Act. Assuming, without deciding, that Hooker can maintain a private right of action against a federal agency under the Rehabilitation Act, the Rehabilitation Act does not waive the federal government's sovereign immunity as to money damages for the violation alleged here. See Lane v. Pena, 518 U.S. 187, 192 (1996). Because Hooker seeks only monetary damages, his Rehabilitation Act claim is not actionable and should be dismissed.

III. Motion to Dismiss

Defendants' motion to dismiss (doc. no. 34) plaintiff's second amended complaint (doc. no. 33) asserts a number of grounds which, they allege, warrant dismissal of this action. Defendants' arguments generally lack merit, and warrant no further comment, except as to their assertion that all of plaintiff's claims should be dismissed because plaintiff did not exhaust his administrative remedies.

The Prison Litigation Reform Act ("PLRA"), requires that a prisoner suing a government entity exhaust all available administrative remedies prior to filing suit. See 42 U.S.C. § 1997(e). Defendants argue that the second amended complaint fails to demonstrate that plaintiff has exhausted the administrative remedies available to him.

Failure to exhaust is an affirmative defense and need not be pled in a prisoner's complaint. See Cruz Berríos v. González-Rosario, 630 F.3d 7, 11 (1st Cir. 2010) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). Nothing in the pleadings filed by plaintiff demonstrates that plaintiff has failed to exhaust his claims. A PLRA argument is not appropriate in a motion to dismiss, but may be raised in a summary judgment

motion if defendants can support the argument with evidence not presently in the record.

The motion to dismiss seeks to dismiss all claims asserted by plaintiff. If this report and recommendation is accepted, the only claim to survive this court's preliminary review of the second amended complaint would be the Bivens claim against the transporting marshals. Thus, the motion to dismiss should be granted in part, to the extent it seeks dismissal of the FTCA claim, the Rehabilitation Act claim, and the claims against any USMS supervisors who were not the transporting marshals. The motion to dismiss should otherwise be denied, as this court has found a plausible claim of a Bivens violation, and no ground asserted in the motion to dismiss or otherwise apparent in the record warrants dismissal of that Bivens claim at this stage of the case.

**Conclusion**

For the foregoing reasons, the court recommends that the FTCA and Rehabilitation Act claims, and claims of supervisory liability, asserted in plaintiff's second amended complaint (doc. no. 33) be dismissed, and that the motion to dismiss (doc. no. 34) be granted in part, to the extent consistent with that recommendation. The motion to dismiss (doc. no. 34) should be

denied in all other respects. In the Simultaneous Order, the court authorizes service of plaintiff's Bivens claim, subject to plaintiff's submission to the court of properly completed summonses naming the individual defendants to this action.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

December 17, 2013

cc: Samuel Hooker, pro se
    John G. Osborn, Esq.

LM:jba