UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Samuel Hooker

v.

Civil No. 12-cv-00346-JNL

USA et al


O R D E R


After due consideration of the objection filed, I herewith approve the Report and

Recommendation of Magistrate Judge Andrea K. Johnstone dated March 12, 2015.

The record is unclear as to whether Hooker was being held as a prisoner or as a pre-trial detainee

at the relevant time period, although it appears to this court that it was the latter. As such, the Eighth

Amendment has no bearing on the case. But the precisely correct detention/incarceration status makes no

difference to the court's analysis, as "the standard applied under the Fourteenth Amendment [governing

the claims of pre-trial detainees] is the same as the Eighth Amendment standard [governing the claims of

convicted inmates]."  Leavitt v. Corr. Med. Servs., Inc., 645 F.3d 484, 497 n.21 (1st Cir. 2011) (quoting

Ruiz-Rosa v. Rullan, 485 F.3d 150, 155 (1st Cir. 2007)).

Further, in addition to cases cited in the March 12 Report and Recommendation, this court cites

*Taylor v. Stateville Dep't of Corr.*, No. 10 C 3700, 2010 U.S. Dist. LEXIS 127378 at **4-6 (N.D. Ill.

December 1, 2010) (Coleman, J.); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir.

1999) (failure to provide seatbelts or other safety restraints in patrol wagon did not constitute policy that

presented a substantial risk of serious harm); *Smith v. Secretary for the Dep't of Corrections*, 252 Fed.

Appx. 301, 303-04 (11th Cir. 2007) (failure to fasten inmate's seatbelt in converted utility van does not

constitute a substantial risk of serious harm); *Dexter v. Ford Motor Co.*, 92 Fed. Appx. 637, 643 (10th

Cir. 2004) ("failure to seatbelt an inmate does not violate the Constitution"); *Walls v. Kaho*, No.

5:06cv188, 2009 U.S. Dist. LEXIS 27840, 2009 WL 90117, at *2 (S.D. Miss. Mar. 31, 2009) (Parker, J.)

(policy of refusing to seatbelt inmates during transport not give rise to a cognizable constitutional claim);

*Dade v. Kennard*, No. 2:06CV869-TC, 2008 U.S. Dist. LEXIS 91962, 2008 WL 4879168, at * 3 (D. Utah Nov. 3, 2008) (Campbell, J.) (routine failure to properly secure seatbelt does not create a substantial risk of serious harm even where inmate is disabled or is otherwise unable to seatbelt himself); 2:07CV290, *Hughes v. Widup*, No. 2008 U.S. Dist. LEXIS 509, 2008 WL 56003, at *3 (N.D. Ind. Jan. 3, 2008) (Lozano, J.) (failure to seatbelt handcuffed and shackled inmate was not a constitutional violation); *Ingram v. Herrington*, No. 4:06CVP65M, 2007 U.S. Dist. LEXIS 71781, 2007 WL 2815965, at *5 (W.D. Ky. Sep. 26, 2007) (McKinley, J.) (failure to seatbelt prisoner did not constitute constitutional violation); *Young v. Hightower*, No. 04-10309, 2007 U.S. Dist. LEXIS 54507, 2007 WL 2214520, at *6 (E.D. Mich. Jul. 27, 2007) (Lawson, J.) (refusing to seatbelt shackled prisoner does not constitute an excessive risk to the inmate's health or safety); *Mojet v. Transport Driver*, No. 06:cv321, 2006 U.S. Dist. LEXIS 85412, 2006 WL 3392944, at *2 (N.D. Ind. Nov. 22, 2006) (Springman, J.) (transporting inmates in vehicles without seatbelts did not meet deliberate indifference standard); *Williams v. City of New York*, No. 03 C 5342, 2005 U.S. Dist. LEXIS 26143, 2005 WL 2862007, at *3 (S.D.N.Y. Nov. 1, 2005) (failure to provide seatbelts on prison transport van does not constitute a constitutional violation under Section 1983).

      SO ORDERED.

_____
Joseph N. Laplante
Chief Judge

Date: March 31, 2015

cc:   Counsel of Record